**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CURTIS PHELPS,

               Petitioner-Appellant,

  v.

UNITED STATES GENERAL
SERVICES AGENCY,

               Defendant-Appellee.

No. 10-16161

D.C. No. 3:07-cv-1055-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Northern California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted September 14, 2011
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for the Northern District of Ohio, Cleveland, sitting by designation.

Curtis Phelps appeals the order of the district court granting summary judgment in favor of his employer, the United States General Services Administration ("GSA"), in Phelps's action alleging race and national origin discrimination under Title VII of the Civil Rights Act of 1964, retaliation in violation of 42 U.S.C. § 2000e-3(a), and age discrimination in violation of the Age Discrimination in Employment Act. We affirm.

I.

The district court did not err in ruling that Phelps failed to establish a prima facie case of race discrimination. Phelps presented no direct evidence of race discrimination, *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir. 1994), and failed to meet his burden of making out a prima facie case using indirect evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case of race discrimination, a plaintiff must show

> (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff.

*Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). A number of the acts which he raises on appeal–excess scrutiny of his training request,

a letter of counseling, and a memorandum putting him on notice of deficiencies in his work performance–clearly do not qualify as adverse employment actions. While other acts–a low performance evaluation, two charges of being absent without leave, and the denial of a within-grade increase–may amount to adverse employment actions, Phelps did not put forth evidence that other employees outside his protected class were treated more favorably, a required element for stating a prima facie case of race discrimination. *See Davis v. Team Elec. Co*., 520 F.3d 1080, 1089 (9th Cir. 2008). Even if Phelps had made out a prima facie case of racial discrimination as to these acts, GSA offered legitimate non-discriminatory reasons for its actions, and Phelps failed to prove these reasons were a pretext for discrimination. *See McDonnell Douglas*, 411 U.S. at 802-04.

## II.

The district court did not err in ruling that Phelps failed to make out a prima facie case for retaliation. The following three elements must be met in order to make out a prima facie case of retaliation: (1) "[Phelps] engaged in a protected activity;" (2) GSA "subjected [him] to an adverse employment action;" and (3) "a causal link exists between the protected activity and the adverse action." *Manatt v. Bank of America, NA*, 339 F.3d 792, 800 (9th Cir. 2003) (internal citation and quotation marks omitted). He has produced no evidence of a causal link between his protected activities and any

adverse actions by his employer. His use of the underlying complaints that form the basis of this action do not support a claim of retaliation. The other two matters to which he refers, prior EEO complaints and sexual advances by his supervisor, also do not support a claim for retaliation. Phelps has failed to produce evidence which supports a finding that there was a causal link between these activities and GSA's actions.

## III.

Phelps does not make any arguments before this court regarding the hostile work environment, age, or national origin discrimination claims he raised in his opening brief. We have stated that we "review only issues [that] are argued specifically and distinctly in a party's opening brief." *Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010) (internal citation and quotation marks omitted). Therefore, the above-mentioned claims are deemed abandoned.

**AFFIRMED.**